# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUBEN C. MAGIARY,

        **Plaintiff,**

  v.                                   **Case No. 21-CV-1400**

TONY MOSSAKOWSKI,

        **Defendant.**

## ORDER

Plaintiff Ruben C. Magiary, who is confined at Oconto County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant, Oconto County Sheriff's Deputy Tony Mossakowski, violated his constitutional rights. (ECF No. 1.) Magiary also filed a motion for leave to proceed without prepaying the filing fee (ECF No. 2). This order addresses his motion and screens his complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Magiary was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He

must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On December 15, 2021, the court ordered that Magiary shall pay $27.83 as an initial partial filing fee by January 14, 2022. (ECF No. 4.) Magiary paid the fee on January 19, 2022. The court will grant Magiary's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible

2

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Magiary's Allegations*

Magiary alleges that on April 4, 2021, Mossakowski used excessive force when placing Magiary in a holding cell. (ECF No. 1 at 2-3.) Specifically, Mossakowski pushed Magiary so hard that he slammed Magiary's face and upper body into a concrete wall. (*Id.* at 3.) Then he pulled Magiary back towards him, spun him, and slammed him into the interior of the holding cell. (*Id.*) Mossakowski's actions caused Magiary to have a mental breakdown in addition to lasting neck pain, back pain, and headaches. (*Id.*) Mossakowski also laughed at Magiary, called him old, and told him that he should have tased Magiary. (*Id.* at 3-4.)

3

*Analysis*

Magiary alleges that Mossakowski used excessive force against him in violation of his constitutional rights. It is unclear if Magiary was a pretrial detainee or a convicted prisoner on April 4, 2021. If he was a pretrial detainee, his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a convicted prisoner, his rights arise out of the Eighth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (holding that an objective unreasonableness standard applies to claims brought by pretrial detainees while a subjective standard of whether the force was applied maliciously and sadistically applies to convicted prisoners). The court need not determine at this stage whether Magiary was a pretrial detainee or a convicted prisoner, however, because the Eighth Amendment standard is the more stringent one and, as set forth below, the court concludes that the complaint states a claim under that standard.

"Correctional officers violate the Eighth Amendment when they use force 'maliciously and sadistically for the very purpose of causing harm,' but not when they apply it in good faith to maintain or restore discipline." *Jackson v. Angus*, 808 Fed. Appx. 378, 382 (7th Cir. 2020). Magiary alleges that Mossakowski slammed him into the concrete wall and the interior of the holding cell for no apparent reason. Thus, Magiary sufficiently alleges an excessive force claim against Mossakowski. Whether the claim falls under the Eighth Amendment or the Fourteenth Amendment standard will depend on whether Magiary was a pretrial detainee at the time of the incident.

4

However, Magiary may not proceed against Mossakowski for laughing at him or threatening to tase him. "[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Verbal harassment rises to the level of cruel and unusual punishment where it incites psychological pain, such as a guard purposely telling an inmate with a headache that the doctor told him that the inmate had terminal brain cancer. *Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019). While Mossakowski's comments may have been insensitive, they do not rise to the level of a constitutional violation.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Magiary's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1) and this order upon defendant Tony Mossakowski pursuant to Federal Rule of Civil Procedure 4. Magiary is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Magiary

information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that defendant Tony Mossakowski shall file a pleading responsive to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Magiary shall collect from his institution trust account the $322.15 balance of the filing fee by collecting monthly payments from Magiary's prison trust account in an amount equal to 20% of the preceding month's income credited to Magiary's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Magiary is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Magiary is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Magiary is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Magiary is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Magiary's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Magiary may find useful in prosecuting his case.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

7

Dated at Milwaukee, Wisconsin this 23rd day of March, 2022.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge